**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **Gilberto Fontanez-Alvarado,** <br><br> Defendant. | Criminal No. 25-501 (GMM) |

## UNITED STATES' POSITION REGARDING DETENTION

☐     The United States is not seeking detention

☐     Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast-track program, which includes agreeing to detention for the pendency of this case.

☐     The United States moves for detention based on current information. The United States' position in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒     Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:
  ☐     **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2232b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribe; **or**
  ☐     **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐     **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46 U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐     **(D)** any felony if the defendant has been convicted of two or more offenses described in (A) through (C) above, or two or more State or local offenses that would have been offenses described in (A) through (C) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☒     **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. §

1

921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:
  ☐ **(A)** a serious risk the defendant will flee; **or**
  ☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Rebuttable Presumption**

☐ A rebuttable presumption applies, and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

  ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:
    **(A)** The defendant has previously been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
    **(B)** The defendant committed that offense while on release pending trial for a Federal, State, or local offense; **and**
    **(C)** A period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

  ☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(A)** an offense for which maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
    ☐ **(B)** an offense under 18 U.S.C. §§ 924(a), 956(a), or 2332b;
    ☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
    ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
    ☒ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241,

2

2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether at the time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is: Click or tap here to enter text.

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

**WHEREFORE, the United States respectfully requests that the Court notes the above stated and a detention order be set.**

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico, on December 4, 2025.

        W. Stephen Muldrow
        United States Attorney

        */S/Emelina M. Agrait Barreto*
        Emelina M. Agrait Barreto
        USDC # 301004
        Assistant United States Attorney
        United States Attorney's Office
        Torre Chardón, Suite 1201
        350 Carlos Chardón Street
        San Juan, Puerto Rico 00918
        Email: emelina.agrait.barreto@usdoj.gov
        Tel. (787) 766-5656
        Fax: (787) 766-5398

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

    *s/Emelina M. Agrait Barreto*
Emelina M. Agrait Barreto
Assistant United States Attorney
USDC No. 301004