**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,
Plaintiff,

v.

GILBERTO FONTÁNEZ-ALVARADO,
Defendant.

CRIMINAL NO. 25-501 (GMM)

**PLEA AND FORFEITURE AGREEMENT**

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Gilberto Fontánez-Alvarado, and Defendant's counsel, Yasmin Irizarry, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state that they have reached a Plea Agreement, the terms, and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count One of the Indictment:

Count One:  From on or about August 27, 2012, through on or about November 7, 2025, in the District of Puerto Rico and within the jurisdiction of this court, GILBERTO FONTANEZ-ALVARADO, did knowingly transport, using a means and facility of interstate and foreign commerce, and in or affecting interstate and foreign commerce, by any means, including by laptop computer, any child pornography as defined by Title 18, United States Code, Section 2256(8)(A). All in violation of Title 18, United States Code, Section 2252A(a)(1) and (b)(1).

## 2. Statutory Penalties

The statutory penalties for the offense charged in Count ~~Two~~ *One* of the Indictment a

term of imprisonment of not less than five years and not more than twenty years pursuant

to 18 U.S.C. § 2252(a)(1) and (b)(1); a fine not to exceed two hundred and fifty thousand

dollars pursuant to 18 U.S.C. § 3571(b)(3); a special monetary assessment of one hundred

dollars per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18

U.S.C. § 3013(a)(2)(A); an additional special assessment if non-indigent of $5,000.00 per

count under 18 U.S.C. §3014; and a supervised release term of at least five years up to life,

pursuant to 18 U.S.C. § 3583(k).

## 3. Sentence to be Determined by the Court

Defendant understands that the sentence to me imposed will be determined solely

by the United States District Judge. The United States cannot make and has not made

any promise or representation as to what sentence Defendant will receive. Any

discussions that the parties might have had about possible sentences are not binding in

any way on the Court, and do not constitute representations about what the parties will

seek, or what the actual sentence will be.

## 4. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to

pay a fine. The Court may also impose restitution. Defendant agrees to execute and make

available, prior to sentencing, a standardized financial statement (OBD Form 500). The

United States will advocate on behalf of any identified victim and comply with its

obligations under the Mandatory Victim Restitution Act of 1996.

*United States v. Gilberto Fontánez-Alvarado*
25-501 (GMM)

5.    **Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT TWO – 18 U.S.C. § 2252A(a)(1) | |
|---|---|
| Cross-reference pursuant to U.S.S.G. § 2G2.2(c)(1) Base Offense Level pursuant to U.S.S.G. § 2G2.1(a) | 32 |
| Offense involved a minor who had attained the age of twelve years but not the age of sixteen years, U.S.S.G. § 2G2.1 (b)(1)(A) | +2 |
| Offense involved the use of a computer or an interactive computer service for the purpose of producing sexually explicit material pursuant to U.S.S.G. § 2G2.1(a)(6)(B) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **33** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 |

6.    **Sentence Recommendation**

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the Defendant and the United States will recommend a sentence of 135 months of imprisonment, followed by a term of supervised release as mandated by law.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 7.    No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 8.    Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 168 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 9.    No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under Title 18 United States Code, Section 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 10.    Satisfaction with Counsel

Defendant is satisfied with counsel, Yasmin Irizarry, Esq., and asserts that counsel has rendered effective legal assistance.

*United States v. Gilberto Fontánez-Alvarado*
25-501 (GMM)

### 11.  Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.  If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b.  If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.  If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d.  At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 12.  Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and

agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

13.    **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

14.    **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

15.    **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

16.    **Dismissal of Remaining Counts**

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

17.    **Potential Impact Upon Conviction-Registration Requirement**

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will be required to register as a "Sex Offender" pursuant to the Sex Offender

Registration and Notification Act ("SORNA" or "the Act"), which was enacted under Title I of the *Adam Walsh Child Protection and Safety Act of 2006* (P.L. 109-248), codified at Title 18, United States Code, Section 2250 and Title 42, United States Code, Section 20911-20915. As a registered Sex Offender, Defendant further understands that his status as a convicted sex offender, and related Information, will be made public. Defendant further acknowledges that he may or may not be required to register for life.

18.   **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

19.   **Forfeiture Provision**

Defendant agrees to waive and forgo any interests or claims over any property, real or personal, that was used or intended to be used to commit or facilitate the receipt and possession of visual depictions of minors engaged in sexually explicit conduct. Defendant shall forfeit any device seized from Defendant used in this offense, to include a Gray HP Laptop, a Blue Cover tablet, a Seagate Hard Drive, a WD Hard Black Hard Drive, a WD White Hard Drive and a Blue SD card, pursuant to Title 18, United States Code, Section 2253.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and

waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors,

and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

### 20. Restitution Provision

Defendant agrees that any restitution ordered by the Court under Title 18, United States Code, Section 2259, the amount of restitution ordered by the Court shall include Defendant's total offense conduct. Defendant agrees and understand that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

### 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 22. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

23.    **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

W. STEPHEN MULDROW
United States Attorney


_____
Jenifer Y. Hernández Vega
Assistant U.S. Attorney
Chief, Child Exploitation & Immigration
Dated:  5|6|2026


_____
Emelina M. Agrait Barreto
Assistant U.S. Attorney
Dated: 5/4/2026


_____
Yasmin Irizarry, Esq.
Counsel for Defendant
Dated:  5/13/26


_____
Gilberto Fontánez-Alvarado
Defendant
Dated:  5/13/26

*United States v. Gilberto Fontánez-Alvarado*
25-501 (GMM)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language, and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: ___5/13/26___                     _____
                                          Gilberto Fontánez-Alvarado

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines, and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: ___5/13/26___                     _____
                                          Yasmin Irizarry, Esq.
                                          Counsel for Defendant

Plea Agreement
USAO-DPR

*United States v. Gilberto Fontánez-Alvarado*
25-501 (GMM)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, Gilberto Fontánez-Alvarado admits that Defendant is guilty as charged in Count One of the Indictment and admits the following:

For purposes of this plea agreement, the Defendant, Gilberto Fontánez-Alvarado acknowledges that from on or about August 27, 2012, through in or about November 7, 2025, using electronic devices, such as a Gray HP laptop, which have internet capabilities and were manufactured outside of Puerto Rico, knowingly transported images of child pornography, as defined by Title 18, United States Code, Section 2256(8)(A), that is, visual depictions of a minor engaged in sexually explicit conduct.

On August 9, 2025, the National Center for Missing and Exploited Children (NCMEC) was alerted by Google that child exploitation material had been uploaded in the Google Photos and Google Drive apps for user gfontanezalvarado3@gmail.com. The identifiers provided by Google were, name: Gilberto Fontanez; phone number: 939-239-1555, date of birth: September 15, 1957, and recovery email address: gilbertofontanez@yahoo.com.

On or about October 2, 2025, NCMEC referred CyberTipline report #217706528 to Homeland Security Investigations (HSI) San Juan, Human Exploitation Investigations Group (HEIG). The report was linked to 10 additional NCMEC supplementary referrals, indicating that email address gfontanezalvarado3@gmail.com uploaded more than 173 files of apparent child pornography. HSI agents reviewed the content of CyberTipline Report #217706528 and observed that the materials referenced in the report constitute child pornography material.

Plea Agreement
USAO-DPR

An administrative subpoena was served to Liberty Communications of Puerto Rico, LLC (Liberty) for the IP addresses included in the NCMEC Report. The response revealed that all IP addresses came back for the same subscriber information under the name of Gilberto Fontanez with a physical address in Toa Baja, Puerto Rico, phone number 939-290-1215 and email address gilbertofontanez@yahoo.com. A search through the Puerto Rico Department of Motor Vehicles database (DAVID) revealed that Gilberto Fontanez-Alvarado was born in September 1957 and confirmed the physical address as provided by Liberty. Open-source checks through social media applications confirmed that the profile photos matched the photo provided through the DAVID system.

On November 4, 2025, HSI obtained a search warrant for the premises in Toa Baja, Puerto Rico as confirmed through the Liberty subpoena and DAVID database. During the execution of the search warrant on November 7, 2025, several electronic devices were seized from the Defendant including a gray HP laptop, a WD white hard drive, a Tablet with a blue cover, a Seagate hard drive, a WD black hard drive, a SanDisk pen drive, a Blue SD card, and a red HP DVD-R. All of these devices were not manufactured in Puerto Rico. The Gray HP laptop and the Tablet with blue cover have internet capabilities.

An examination of the devices revealed files of images depicting minors engaged in sexually explicit conduct, to include sexual acts between minors and with adults in eight devices. The images also depict prepubescent minors. For purposes of this Plea Agreement, Defendant accepts that he possessed more than 600 images of child pornography.

*United States v. Gilberto Fontánez-Alvarado*
25-501 (GMM)

An examination of the red HP DVD-R revealed several photos of a female minor in a school classroom wearing a school uniform and posing with her breasts exposed, with her skirt lifted, and laying in a classroom table. The metadata of the photos confirmed that these were taken in July 2008. Further investigation revealed the identity of the female minor (FM). On February 19, 2026, FM (DOB: 04/1994) was interviewed by a Forensic Interview Specialist. She confirmed herself as the individual depicted in the photos and stated she was in middle school when they were taken, between 13 and 15 years of age at the time. According to the FM, Fontanez-Alvarado made suggestive comments to her, and on multiple occasions arranged for her to be alone with him in the classroom. He instructed her to pose in specific ways for the photos, which were taken with his cellphone device. For purposes of this Plea Agreement, Defendant accepts that the offense involved causing and permitting a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt. Discovery was timely made available to Defendant for review.

_____
Emelina M. Agrait Barreto
Assistant U.S. Attorney
Dated: 5/6/2026.

_____
Yasmin Irizarry
Counsel for Defendant
Dated: 5/13/26

_____
Gilberto Fontánez-Alvarado
Defendant
Dated: 5/13/26